UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-22439-GAYLES/OTAZO-REYES

JUAN MANUEL PONS,

        Plaintiffs,

v.

LATIN MOTORS INTERNATIONAL,
LLC, and SANTIAGO HERRERA
QUIJADA,

        Defendants.                    /

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion for Summary Judgment [ECF No. 26] ("Motion"). The Court has reviewed the parties' briefs, the record in this case, and the applicable law and is otherwise fully advised. For the reasons that follow, Defendants' Motion is granted.

### I.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)); *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party

1

in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015). The nonmovant must

> come forward with evidence sufficient to call into question the inference created by the movant's evidence on the particular material fact. Only if after introduction of the non-movant's evidence, the combined body of evidence presented by the two parties relevant to the material fact is still such that the movant would be entitled to a directed verdict at trial—that is, such that no reasonable jury could find for the non-movant—should the movant be permitted to prevail without a full trial on the issues.

*Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993).

Under Rule 56(c), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). "Unsworn statements do not meet the requirements of Rule 56," and

district courts may not rely on such statements in ruling on a motion for summary judgment. *Dudley v. City of Monroeville*, 446 F. App'x 204, 207 (11th Cir. 2011).

Relatedly, Southern District of Florida Local Rule 56.1 requires that a motion for summary judgment be accompanied by a statement of undisputed material facts that is, *inter alia*, "supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court." *Id.* S.D. Fla. L.R. 56.1(a)(2). Local Rule 56.1(b), which governs the effect of a nonmovant's failure to controvert a movant's statement of undisputed facts, provides: "All material facts set forth in the movant's statement filed and supported as required above *will be deemed admitted* unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." *Id.* R. 56.1(b) (emphasis added).

Defendants included a Statement of Undisputed Facts in their Motion for Summary Judgment [ECF No. 26, at 2], which the Court finds substantially complies with the requirements of Local Rule 56.1.[1] Plaintiff's Response in Opposition of [sic] Defendants' Motion for Summary Judgment [ECF No. 46] ostensibly lists facts, but contains no citations to the record. Indeed, Plaintiff has offered nothing into the record to which he could cite—no depositions, no pay stubs or other such documents, not even his own affidavit. The only document he submits is the demand letter sent by his counsel to Defendants, in an effort to counter Defendants' assertion of lack of pre-suit notice. [*See* ECF No. 46-1]. Therefore, pursuant to Local Rule 56.1(b), all facts contained in the Defendants' Statement—except those that relate to pre-suit notice—are hereby deemed admitted.

---

[1] The Court notes that Defendants should have filed the statement as a separate document or exhibit. However, the statement substantially complies with Local Rule 56.1 because it is composed of separately numbered paragraphs and each fact is supported by specific citation to record evidence—namely, the Affidavit of Santiago Herrera [ECF No. 26-1] ("Herrera Affidavit").

3

Because Plaintiff "has failed to comply with Local Rule 56.1—the only permissible way for him to establish a genuine issue of material fact at [this] stage—the court has before it the functional analog of an unopposed motion for summary judgment." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009). That said, the Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed." *United States v. 5800 S.W. 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). "Even in an unopposed motion [for summary judgment], . . . 'the movant is not absolve[d] . . . of the burden of showing that it is entitled to a judgment as a matter of law,'" and the Court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue of material fact." *Mann*, 588 F.3d at 1303 (quoting *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008)). To that end, the Court must "consider the merits of the motion" and "review all of the evidentiary materials submitted in support of the motion," *5800 S.W. 74th Ave.*, 363 F.3d at 1101–02, in order to "satisfy itself that the [movant's] burden has been satisfactorily discharged," *Reese*, 527 F.3d at 1268.

## II.     UNDISPUTED MATERIAL FACTS

With the above standards in mind, the only facts that are undisputed and supported by the record in this case are those set forth in the Herrera Affidavit [ECF No. 26-1], and are as follows: Defendant Latin Motors International, LLC ("Latin Motors") was an automobile sales dealership that does not manufacture vehicles, and is primarily engaged in the business of selling such vehicles to ultimate purchasers. Plaintiff worked as a commissioned car salesman for Latin Motors from 2014 to 2016. During that time, Plaintiff's compensation was primarily derived from commissions. Latin Motors has fully paid all commissions owed to Herrera.

## III.    DISCUSSION

### A.     Counts I & II: Fair Labor Standards Act Overtime

Counts I and II allege that Defendants failed to pay Plaintiff overtime required by the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 207. "Broadly speaking, the FLSA provides that employees are entitled to receive overtime compensation for hours worked in excess of forty hours" per week. *Reyes v. Goya Foods, Inc.*, 549 F. App'x 876, 877 (11th Cir. 2013) (citing 29 U.S.C. § 207). However, the FLSA exempts certain classes of employees from this entitlement, including "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." 29 U.S.C. § 213(b)(10)(A). It is undisputed that Plaintiff was a salesman primarily engaged in selling automobiles and that Latin Motors was a nonmanufacturing establishment primarily engaged in selling vehicles to ultimate purchasers. Thus, Plaintiff falls squarely within this exemption,[2] and Defendants are entitled to summary judgment on Counts I and II.

### B. Count III: Florida Minimum Wage Act

In Count III, Plaintiff alleges a violation of the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110, based on Defendants' alleged failure to pay overtime wages. However, the FMWA specifically incorporates the FLSA § 213 exemptions. *See id.* § 448.110(3) ("The provisions of ss. 213 and 214 of the federal Fair Labor Standards Act, as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein."). Thus, Plaintiff is likewise exempt under the FMWA and Defendants are entitled to summary judgment on Count III.

### C. Count IV: Breach of Contract

Finally, in Count IV, Plaintiff alleges breach of contract in the failure to pay commissions owed to him. As discussed above, the undisputed record evidence, set forth in the Herrera Affi-

---

[2] Although Defendants also reference the commissioned sales employee exemption in § 207(i), the Court need not reach that issue because it is undisputed that Plaintiff falls into the § 213(b)(10)(A) exemption.

davit, is that Latin Motors paid all commissions owed to Plaintiff. Thus, Defendants are likewise entitled to summary judgment on Count IV.

**IV.   CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment [ECF No. 26] is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 58, final judgment will be entered separately.

This action is **CLOSED** and all other pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of May, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE